MFD: USAO 2018R00551

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2019 JAN 10 PM 3: 08

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. GLR-19-14 |
| | * | |
| TYWANDA PITTMAN | * | (Theft of Government Property, |
| QUARCOOPOME, | * | 18 U.S.C. § 641; Aiding and |
| | * | Abetting, 18 U.S.C. § 2; Forfeiture, |
| Defendant | * | 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. |
| | * | § 853, 28 U.S.C. § 2461(c)) |

*******

## INDICTMENT

### COUNT ONE

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to the charges in this Indictment:

1. **TYWANDA PITTMAN QUARCOOPOME ("QUARCOOPOME")** was a resident of Fort Washington, Maryland.

2. **QUARCOOPOME** was a professional in-home caretaker who cared for M.A until M.A's death in November 2012.

3. In or about July 1993, M.A. became entitled to Title II Retirement Insurance Benefits ("RIB"), which are administered by the Social Security Administration ("SSA"). In order to be entitled to RIB, a beneficiary first must have worked for a sufficient period of time during which the beneficiary paid Social Security taxes, and have been at least 62 years of age. A beneficiary's entitlement to RIB terminated upon death of the beneficiary.

4. In addition, in or about 1998, M.A. became entitled to a Civil Service Retirement System ("CSRS") survivor annuity upon the death of M.A.'s spouse, who was a federal employee. The Office of Personnel Management ("OPM"), which administers the CSRS program, paid a survivor annuity to the surviving spouses of qualifying federal employees who signed up for the survivor annuity benefit in exchange for a reduced retirement annuity. The survivor annuity was paid in monthly installments beginning upon the federal employee's death, and terminated upon the death of the surviving spouse.

5. On or about November 5, 2012, M.A. died, however, SSA and OPM continued to send monthly benefits payments to M.A.

6. On or about March 5, 2018, SSA Office of Inspector General agents interviewed **QUARCOOPOME** in M.A.'s former home, where **QUARCOOPOME** was living. **QUARCOOPOME** admitted that M.A. was deceased, and that **QUARCOOPOME** spent M.A.'s SSA benefits payments, even though **QUARCOOPOME** knew it was wrong. **QUARCOOPOME** also admitted to spending an annuity in the name of M.A.'s spouse.

7. Records from the bank account into which the SSA RIB and CSRS survivor annuity funds were deposited showed that the account was titled to **QUARCOOPOME**, and that **QUARCOOPOME** spent the funds through cash withdrawals in the form of checks to "cash," endorsed by **QUARCOOPOME**, as well as payments for utilities for the home in which **QUARCOOPOME** was living, and other purchases.

## The Charge

8. Between in or about November 2012 and in or about June 2018, in the District of Maryland, the defendant,

**TYWANDA PITTMAN QUARCOOPOME,**

did embezzle, steal, purloin, and knowingly convert to her use and the use of another, any money and thing of value of the United States and any department and agency thereof, with an aggregate value that exceeded $1,000, that is, Social Security Retirement Insurance benefits payments and Civil Service Retirement System survivor annuity payments to which she was not entitled.

18 U.S.C. § 641
18 U.S.C. § 2

## **FORFEITURE ALLEGATION**

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), as a result of the defendant's conviction under Count One of this Indictment.

2. As a result of the offense set forth in Count One of the Indictment, the defendant,

**TYWANDA PITTMAN QUARCOOPOME,**

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property, that is, at least $169,861.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_____
Robert K. Hur
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED
Foreperson

Date 1/10/19